| CIVIL ACTION COVER SHEET | DOCKET NO(S) | Trial Court of Massachusetts Superior Court Department County: Worcester |
|---|---|---|

PLAINTIFF(S): Michael K. Kovalchuk

DEFENDANT(S): John H. Babiarz, John Thipman and Jalap & Lamont

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE:
Douglas R. Hyne - Lovenberg & Associates, PC
11 Beacon St. #625 Boston MA 02108
(617) 479-4950
Board of Bar Overseers number: 65935

ATTORNEY (if known):

### Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Negligence | (F) | (✓) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; Indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $
2. Total Doctor expenses .............................................. $
3. Total chiropractic expenses ....................................... $
4. Total physical therapy expenses ................................. $
5. Total other expenses (describe) ................................. $
   Subtotal $
B. Documented lost wages and compensation to date ............ $
C. Documented property damages to date ......................... $
D. Reasonably anticipated future medical and hospital expenses .. $
E. Reasonably anticipated lost wages ............................... $
F. Other documented items of damages (describe) ............... $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe) $
please - see attached

TOTAL $125,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____

# COMMONWEALTH OF MASSACHUSETTS



Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 09-2382

Michael K. Kovalchuk

Plaintiff(s)

v.

John H. Babiarz,
John Tarpinian and
Joseph B. Lamont

Defendant(s)

SUMMONS

* To the above-named Defendant: (Babiarz)

You are hereby summoned and required to serve upon Douglas P. Hyne of Lovenberg + Associates PC whose address is 11 Beacon St #625 Boston MA 02108, plaintiff's attorney, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Worcester, the .......... day of .................. in the year of our Lord two thousand and ..........

A TRUE COPY, ATTEST

DEPUTY SHERIFF 11-3-09

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 1008.

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                                    SUPERIOR COURT
                                                  CIVIL ACTION NO.: 09-2382

MICHAEL K. KOVALCHUK )
    Plaintiff, )
 )
v. )
 )
JOHN H. BABIARZ, JOHN )
TARPINIAN and JESUP & LAMONT )
    Defendants. )

## AMENDED COMPLAINT AND JURY DEMAND

COMES NOW, MICHAEL K. KOVALCHUK, Plaintiff in the above-styled action and hereby files his Complaint and shows the Court as follows:

### THE PARTIES

1. The Plaintiff, Mr. Michael K. Kovalchuck, is an individual residing at 250 Main Street, Rowley, Essex County, Massachusetts.

2. The Defendant, John H. Babiarz, (hereinafter "Babiarz") is an individual who on information and belief is a resident of Massachusetts and has a principal place of business located at 184 Main Street in Worcester, MA.

3. The Defendant, John Tarpinian, (hereinafter "Tarpinian") is an individual who on information and belief is a resident of Massachusetts and has a principal place of business located at 588 Main Street in Worcester, MA.

3. The Defendant, Jesup & Lamont (hereinafter "Jesup") is a company incorporated under the laws of the State of Washington, and doing business in the Commonwealth of Massachusetts with its principal place of business located at

588 Main Street, Worcester, Worcester County, Massachusetts.

## THE FACTS

4. In or about October of 2004 the Plaintiff engaged the services of the Defendant Jesup to act as a brokerage firm and manage his investment funds.

5. At all times relevant hereto, the Defendants Tarpinian and Babiarz were the named Account Executives handling the Plaintiff's investment funds.

6. At all times relevant hereto, the Defendant Babiarz and Tarpinian were agents, servants or employees of the Defendant Jesup.

7. The Defendants managed the Plaintiff's Standard Brokerage Account.

8. Beginning in early 2008, the Plaintiff was repeatedly victimized by several acts of dishonest and unfair business practices by agents of Jesup & Lamont regarding his account.

9. Beginning in early 2008, the Defendant Babiarz repeatedly failed to perform certain transactions ordered by the Plaintiff, made misrepresentations regarding the performance of ordered transactions and failed to maintain sufficient funds in the Plaintiff's account to make appropriate and timely payments.

10. In one instance occurring in April of 2008, Defendant Babiarz informed the Plaintiff that, acting on the Plaintiff's express instructions, he was to purchase one thousand shares of Ford Motor Co. for a net gain of approximately $3,000.00. Upon receiving his April 2008 Account Summary and seeing no reference to this transaction, the Plaintiff confronted the Defendant Babiarz, who assured the Plaintiff that said transaction would be recorded on his 1099 report for 2008.

11. In September of 2008, the Plaintiff instructed the Defendant Babiarz to sell all of his interests in Proshares Ultra Oil & Gas (ETF), NYSE: DIG, and the Defendant Babiarz stated he would do so.

12. Had such a transaction been completed by the Defendant, the Plaintiff would have prevented a loss of over $11,000.00.

13. When no such transaction was recorded in the Plaintiff's monthly statement, and upon Plaintiff's inquiries, the Defendant Babiarz, again assured the Plaintiff that such transaction would be recorded on his 1099 report for 2008.

14. On March 4, 2009 the Plaintiff instructed the Defendant to purchase $15,000.00 worth of ProShares Ultra S&P 500 (SSO) and the Defendant Babiarz subsequently confirmed that said purchase was made. When asked by the Plaintiff for written confirmation, the Defendant produced a printed document which he attempted to pass off as confirmation that the purchase had been made, but which had no grounding in actual fact.

15. No such purchase of SSO had been made, thus resulting in a loss of profits in excess of $12,000.00 to date.

16. No transactions regarding any of the above referenced orders was ever noted on the Plaintiff's Enhanced 1099 and Amended 1099, and no record or evidence that any such trades took place has been produced.

17. The Plaintiff made additional demands of the Defendant Babiarz regarding the purchase and sale of various investments throughout 2008 and 2009, but despite assurances from the Defendant Babiarz, no such transactions were processed.

18. The Defendant, with knowledge of the Plaintiff's financial goals and aversion to risk, pressured the Plaintiff to invest in a pattern of high risk investments that the Plaintiff was lead to believe acted like debentures, or other low risk bonds. Such investments included, but were not limited to: New Jersey Community Bank, Neuberger Berman Income Opportunity Fund and Pioneer Diversified High Income trust.

19. In other instances the Defendant Babiarz engaged in "churning", by channeling the Plaintiff's funds into investments without any authority from the Plaintiff in an effort to increase commissions.

20. At all times relevant to this action, Defendant Tarpinian systematically ignored the wishes of the Plaintiff, refused to execute requested trades and misrepresented to the Plaintiff the nature of his investments.

21. The Plaintiff subsequently incurred significant monetary loss based on the investments referenced in the preceding paragraphs.

22. When confronted by the Plaintiff in March of 2009, Defendant Babiarz issued a personal written promise to pay the Plaintiff the sum of $8,300.00 in installments of $1,000.00 commencing April 15, 2009.

23. To date, no sums have ever been paid by the Defendant Babiarz to the Plaintiff.

24. On or about May 8, 2009, counsel for the Plaintiff made written demand to the Defendant Jesup for a full accounting of the Plaintiff's funds, including "records of all purchases, sales, and transactions, as well as any and all written and oral correspondence from January, 2008 to present."

25. No reply to the May 8, 2009 correspondence was ever received by Plaintiff or his counsel.

4

## COUNT ONE
## NEGLIGENCE AS TO THE DEFENDANT, JOHN H. BARBIAZ

26. The Plaintiff re-alleges and repeats the allegations contained in Paragraphs 1 through 25 inclusive, as if fully set forth herein.

27. The Defendant, John H. Babiarz, owed a duty of reasonable care to the Plaintiff to properly, adequately, and completely perform certain financial transactions and manage the Plaintiff's financial account at issue in this action.

28. The Defendant breached his duty of reasonable care to the Plaintiff when he and/or employees under his direction and control negligently, carelessly, and recklessly failed to perform or properly and adequately perform his duties, including, but not limited to failing to make financial transactions when directed to do so by the Plaintiff; failing to disclose requested information timely; failing to maintain sufficient funds in the Plaintiff's account; failing to issue payment(s) promptly or when directed; making unauthorized trades, sales or purchases of investments, and; making misstatements to the Plaintiff regarding the status of his account.

29. As a direct and proximate result of the negligence, carelessness and recklessness of the Defendant, his agents, servants, and/or employees, the Plaintiff was caused to suffer monetary damage, severe emotional distress, and other actual, consequential and incidental damages which proof at the time of the trial will reveal.

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant for all damages, costs, interest, reasonable attorney's fees, and for such other and further relief as this court deems necessary and proper.

5

## COUNT TWO
## NEGLIGENCE AS TO THE DEFENDANT, JOHN TARPINIAN

30. The Plaintiff re-alleges and repeats the allegations contained in Paragraphs 1 through 29 inclusive, as if fully set forth herein.

31. The Defendant, John H. Tarpinian, owed a duty of reasonable care to the Plaintiff to properly, adequately, and completely perform certain financial transactions and manage the Plaintiff's financial account at issue in this action.

32. The Defendant breached his duty of reasonable care to the Plaintiff when he and/or employees under his direction and control negligently, carelessly, and recklessly failed to perform or properly and adequately perform his duties, including, but not limited to failing to make financial transactions when directed to do so by the Plaintiff; failing to disclose requested information timely; failing to maintain sufficient funds in the Plaintiff's account; failing to issue payment(s) promptly or when directed; making unauthorized trades, sales or purchases of investments, and; making misstatements to the Plaintiff regarding the status of his account, and; failing to adequately train and/or supervise his agents, servants or employees.

33. As a direct and proximate result of the negligence, carelessness and recklessness of the Defendant, his agents, servants, and/or employees, the Plaintiff was caused to suffer monetary damage, severe emotional distress, and other actual, consequential and incidental damages which proof at the time of the trial will reveal.

6

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant for all damages, costs, interest, reasonable attorney's fees, and for such other and further relief as this court deems necessary and proper.

## COUNT THREE
## NEGLIGENCE AS TO THE DEFENDANT, JESUP & LAMONT

34. The Plaintiff re-alleges and repeats the allegations contained in Paragraphs 1 through 33 inclusive, as if fully set forth herein.

35. The Defendant, Jesup & Lamont, through their agents, servants and employees, owed a duty of reasonable care to the Plaintiff to properly, adequately, and completely perform certain financial transactions, manage the Plaintiff's financial account at issue in this action and oversee its' employees, agents or servants.

36. The Defendant breached its duty of reasonable care to the Plaintiff when it and/or employees under its' direction and control negligently, carelessly, and recklessly failed to perform or properly and adequately perform its' duties, including, but not limited to failing to make financial transactions when directed to do so by the Plaintiff; failing to disclose requested information timely; failing to maintain sufficient funds in the Plaintiff's account; failing to issue payment(s) promptly or when directed; making unauthorized trades, sales or purchases of investments; making misstatements to the Plaintiff regarding the status of his account, and; failing to adequately train and/or supervise its' agents, servants or employees.

37. As a direct and proximate result of the negligence, carelessness and recklessness of the Defendant, his agents, servants, and/or employees, the Plaintiff was caused to suffer monetary damage, severe emotional distress, and other actual,

7

consequential and incidental damages which proof at the time of the trial will reveal.

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant for all damages, costs, interest, reasonable attorney's fees, and for such other and further relief as this court deems necessary and proper.

## COUNT FOUR
## FRAUD, DECEIT AND MISREPRESENTATION
## AS TO THE DEFENDANT, JOHN H. BARBIAZ

38. The Plaintiff re-alleges and repeats paragraphs 1 through 37 inclusive as though fully set forth herein.

39. The Defendant, John H. Babiarz, made misrepresentations of facts to the Plaintiff, with knowledge of their falsity or in willful disregard of the easily verifiable facts and with reckless indifference to the truth, including:

a) that he would make certain financial transactions pursuant to the Plaintiff's instructions as detailed more fully in paragraphs eight through sixteen of the Plaintiff's Complaint;

b) that he had made certain financial transactions pursuant to the Plaintiff's instructions as detailed more fully in paragraphs eight through sixteen of the Plaintiff's Complaint;

c) that the financial transactions made on behalf of the Plaintiff were suited to the Plaintiff's needs as detailed more fully in paragraphs eight through nineteen of the Plaintiff's Complaint;

d) that the financial transaction made based on the Plaintiff's best interests, rather than in an effort to generate commissions as detailed more fully in paragraph nineteen of the Plaintiff's Complaint;

e) that the Plaintiff's financial accounts were being administered according to the Plaintiff's wishes; and

f) that the Plaintiff's funds were being administered and invested in a competent and prudent manner.

40. The Defendant made said misrepresentations with the intent of inducing the Plaintiff to continue their financial relationship and continue to utilize his services.

41. The Plaintiff reasonably relied upon the misrepresentations of the Defendant.

42. As a result of the Defendant's misrepresentations, the Plaintiff suffered damages, including monetary damage, severe emotional distress, and other actual, consequential and incidental damages which proof at the time of trial will reveal.

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant for all damages, costs, interest, reasonable attorney's fees, and for such other and further relief as this court deems necessary and proper.

## COUNT FIVE
## BREACH OF FIDUCIARY DUTY AS TO THE DEFENDANT, JOHN H. BARBIAZ

43. The Plaintiff re-alleges and repeats the allegations in Paragraphs 1 through 42 inclusive, as fully set forth herein.

44. The Defendant occupied a position of trust and confidence, owing the highest degree of loyalty and fidelity to the Plaintiff.

45. The Defendants owed a strict fiduciary duty to the Plaintiff by virtue of his position as an account executive in charge of the Plaintiff's financial account and by reason of the Plaintiff's reliance upon the Defendant's purported experience, knowledge and expertise.

9

46. The Defendant has violated his fiduciary duty to the Plaintiff by reason of the conduct alleged above.

47. Said breach was done knowingly and voluntarily.

48. The Plaintiff suffered damages as a result.

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant for all damages, costs, interest, reasonable attorney's fees, and for such other and further relief as this court deems necessary and proper.

## COUNT SIX
## BREACH OF FIDUCIARY DUTY AS TO THE DEFENDANT, JOHN TARPINIAN

49. The Plaintiff re-alleges and repeats the allegations in Paragraphs 1 through 48 inclusive, as fully set forth herein.

50. The Defendant occupied a position of trust and confidence, owing the highest degree of loyalty and fidelity to the Plaintiff.

51. The Defendants owed a strict fiduciary duty to the Plaintiff by virtue of his position as an account executive in charge of the Plaintiff's financial account and by reason of the Plaintiff's reliance upon the Defendant's purported experience, knowledge and expertise.

52. The Defendant has violated his fiduciary duty to the Plaintiff by reason of the conduct alleged above.

53. Said breach was done knowingly and voluntarily.

54. The Plaintiff suffered damages as a result.

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant for all damages, costs, interest, reasonable attorney's fees, and for such other and further relief as this court deems necessary and proper.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants for all damages, costs, interest, reasonable attorney's fees, and for such other and further relief as this court deems necessary and proper.

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL COUNTS

Dated: October 15, 2009

Respectfully submitted,
MICHAEL K. KOVALCHUK.
By his Attorney

Douglas R. Hyne, Esq.
Lovenberg & Associates, P.C.
11 Beacon Street, Suite 625
Boston, MA 02108
(617) 973-9948
B.B.O. No.: 659313

11