# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL K. KOVALCHUK, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.<br>) 11-40189-FDS |
| JOHN H. BABIARZ, JOHN TARPINIAN, and JESUP & LAMONT, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER ON DEFENDANT BABIARZ'S
## MOTION TO STAY ACTION AND COMPEL ARBITRATION

On October 11, 2011, defendant John M. Babiarz moved to compel arbitration and stay this action pending arbitration.[1] On October 25, 2011, plaintiff filed a motion to stay the action for 30 days, anticipating that he would file a stipulation of dismissal. Plaintiff has not filed a stipulation of dismissal and has not filed any additional opposition to defendant's motion to compel arbitration.

Plaintiff signed two agreements, the relevant portions of which provide:

> It is agreed that all controversies or disputes which may arise between [plaintiff] and Introducing Firm, Clearing Agent and any sub-Advisor . . . concerning any transaction or the construction, performance or breach of this Agreement or any other agreement between us, whether entered into prior to, on, or subsequent to the date of this Agreement, including any controversy concerning whether an issue is arbitrable, shall be determined by arbitration conducted before, and only before, an arbitration panel set up by either the National Association of Securities Dealers, Inc. ("NASD") or the New York Stock Exchange.

(Schnurbusch Aff. Ex. B, at 3; Oftring Aff. Ex., at 15).

---

[1] The complaint misidentifies defendant as "John H. Babiarz." Defendants John Tarpinian and Jesup & Lamont have either been dismissed or defaulted. (*See* State Court Record, Exs. G, Z).

When "construing an arbitration clause, courts and arbitrators must 'give effect to the contractual rights and expectations of the parties.'" *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1773-74 (2010) (citation omitted)). "A party who is seeking to compel arbitration must demonstrate 'that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope.'" *Soto-Fonalledas v. Ritz-Carlton San Juan Hotel Spa & Casino*, 640 F.3d 471, 474 (1st Cir. 2011). "When an enforceable arbitration agreement exists between the parties, a court may enforce that agreement by staying existing litigation pending arbitration of the parties, 9 U.S.C. § 3, or compelling the parties to arbitrate, 9 U.S.C. § 4." *DeLuca v. Bear Stearns & Co.*, 175 F. Supp. 2d 102, 106-07 (D. Mass. 2001).

Plaintiff's claims appear to fall within the scope of an arbitration clause to which he agreed, and he has given no reason to suggest otherwise. Accordingly, defendant's motion to compel arbitration is GRANTED, and the litigation is hereby stayed pending arbitration. Plaintiff's motion to stay the action for 30 days is DENIED as MOOT.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  May 3, 2012